UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MEC RESOURCES, LLC, | § | Civil Action No. 6:21-cv-617 |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| MAGIC LEAP, INC. | § | |
| | § | |
| Defendant | § | **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MEC Resources, LLC ("MEC" or "Plaintiff") files this Original Complaint against Defendant Magic Leap, Inc. ("Magic Leap" or "Defendant"), and alleges as follows:

### I.   THE PARTIES

1. Plaintiff MEC Resources, LLC is a Native American controlled limited liability company formed under the laws of The Three Affiliated Tribes. It is authorized to conduct business in the State of Texas and has its Texas office located at 106 North 6th Street, Suite 302, Waco, Texas.

2. Defendant Magic Leap, Inc. is a Delaware corporation registered to conduct business in the State of Texas and maintains facilities and employees in the Western District of Texas. Magic Leap maintains a multi-million-dollar research and development facility in Austin, Texas. According to the Travis County Appraisal District, in 2021 Magic Leap had $6,618,739 worth of personal property at its research facility at 9801 Metric Boulevard, Austin, Texas. Magic Leap may be served with process through its registered agent Paracorp Incorporated, 14001 W. Hwy 29, Suite 102, Liberty Hill, Texas 78642.

## II.     JURISDICTION

3. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has general personal jurisdiction over Defendant because it is engaged in substantial activity within this State and this judicial district.  This Court has specific jurisdiction over Defendant because it has committed acts of infringement giving rise to this action and has established more than minimum contacts with this State and judicial district, such that the exercise of jurisdiction over Defendant by this Court would not offend traditional notions of fair play and substantial justice. Defendant has directly committed and continues to commit acts of infringement in this District—as described more fully below—by, among other things, making, using, offering to sell, selling, and importing products and/or services that infringe the Asserted Patents.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Defendant is registered to do business in Texas, maintains offices and employees in this District, and has committed acts of infringement of MEC's patent rights in this District by making, using, offering to sell, selling, and importing products and/or services that infringe the Asserted Patents. Defendant has significant regular and established place of business in this District, including significant operations at 9801 Metric Boulevard, Austin, Texas 78758. On information and belief, MEC contends that Defendant's facility in Austin performs research, design, development, and construction of devices accused of infringement. Plaintiff further contends that Defendant opened that 23,000 square foot facility in 2016, complete with 5,000

square feet of clean room space, and has operated it continuously since then. *See* http://siliconhillsnews.com/2016/08/17/stealth-startup-magic-leap-officially-opens-its-austin-office/ (last visited June 7, 2021). As stated by Magic Leap's then-current Chief Marketing officer, Brian Wallace, "Austin is really critical for [Magic Leap]. The most significant R&D and manufacturing setup is happening right here." *Id*. Further and as described in the Travis County Appraisal District's records, Defendant's Austin facility houses more than six million dollars' worth of taxable personal property in addition to the numerous employees who work there.

### III.   FACTUAL BACKGROUND

6. This action concerns 8,736,636 ("the '636 patent"), 8,874,673 ("the '673 patent"), 8,793,770 ("the '770 patent") 8,823,855 ("the '855 patent") (collectively the "Asserted Patents"), true and correct copies of which are attached as Exhibits A, B, C, and D, respectively.

7. As part of an effort to improve Native American businesses and jump-start the development and ownership of intellectual property by Native American organizations, MEC acquired the Asserted Patents and owns the entire right, title, and interest in the Asserted Patents, including all exclusive rights under the Asserted Patents, including the right to sue for past, present, and future infringement and damages thereof, throughout the entire United States and world.

8. The '636 patent was filed on August 26, 2010 as Application No. 12/869,179 and duly issued on May 24, 2014.

9. The '673 patent was filed February 29, 2012 as Application No. 13/408,736 and duly issued on October 28, 2014.

10. The '770 patent was filed January 13, 2011 as Application No. 13/006,026 and duly issued on July 29, 2014.

11. The '855 patent was filed on August 18, 2011 as Application No. 13/212,969 and duly issued on September 2, 2014.

12. The elements claimed by Asserted Patents, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of their respective inventions.

## IV.     INFRINGEMENT OF THE '636 PATENT

13. The preceding paragraphs are reincorporated by reference as if fully set forth herein.

14. The elements claimed by the '636 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention.  Rather, the '636 patent provides a technical solution to technical problems.

15. Defendant has infringed and continues to infringe, literally and/or by the doctrine of equivalents, at least claim 1 of the '636 patent by making, using, testing, selling, offering for sale or importing into the United States products and/or services covered by the '636 patent. Defendant's products and/or services that infringe the '636 patent include, but are not limited to, the Magic Leap 1 and applications, software, and services that operate on the Magic Leap 1, and any other of Defendant's products and/or services, either alone or in combination, that operate in substantially the same manner ("the Accused Instrumentalities").  As one non-limiting example, see the exemplary claim chart Exhibit E, which is incorporated herein by reference.

16. Additionally, Plaintiff contends that Defendant was aware of the '636 patent at least as of the date this lawsuit was filed, and since that time Defendant has been an active inducer of infringement of the '636 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '636 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

17. At least since service of MEC's Original Complaint, Defendant induces infringement of the '636 patent by intending that others make, use, offer for sale, or sell in the United States, products and/or services covered by the '636 patent, including but not limited to the Accused Instrumentalities. Defendant provides these products and/or services to others, such as customers, resellers, and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the United States products and/or services that directly infringe one or more claims of the '636 patent such as claim 1.

18. Defendant contributes to the infringement of the '636 patent by others by knowingly providing products and/or services that when configured result in methods and systems that directly infringe one or more claims of the '636 patent such as claim 1.

19. Upon information and belief, Defendant has had actual knowledge of the '636 patent since at least as early as the service of this Original Complaint upon Defendant.

20. At least since the date of service of this Original Complaint, Defendant commits affirmative acts that cause infringement of one or more claims of the '636 patent with knowledge of the '636 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '636 patent. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing hardware and software components that when used in their normal and customary way, infringe one or more claims of the '636 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '636 patent.

21. At least since the date of service of this Original Complaint, Defendant commits contributory infringement by, *inter alia*, knowingly selling products and/or services that when

used cause the direct infringement of one or more claims of the '636 patent, such as claim 1, by a third party, and which have no substantial non-infringing uses and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

22. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## V. INFRINGEMENT OF THE '673 PATENT

23. The preceding paragraphs are reincorporated by reference as if fully set forth herein.

24. The elements claimed by the '673 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '673 patent provides a technical solution to technical problems.

25. Defendant has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 8 of the '673 patent by making, using, testing, selling, offering for sale or importing into the United States products and/or services covered by the '673 patent, including but not limited to the Accused Instrumentalities. As one non-limiting example, *see, e.g.,* exemplary claim chart Exhibit F, which is incorporated herein by reference.

26. Additionally, Plaintiff contends that Defendant was aware of the '636 patent at least as of the date of service of this lawsuit, and since that time Defendant has been an active inducer of infringement of the '673 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '673 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

27. Defendant induces infringement of the '673 patent by intending that others use, offer for sale, or sell in the United States, products and/or services covered by the '673 patent,

including but not limited to the Accused Instrumentalities. Defendant provides these products and/or services to others, such as customers, resellers, and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the United States products and/or services that directly infringe one or more claims of the '673 patent.

28. Defendant contributes to the infringement of the '673 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '673 patent, such as claim 8.

29. Upon information and belief, Defendant has had actual knowledge of the '673 patent since at least as early as the service of this Original Complaint upon Defendant.

30. Defendant commits affirmative acts that cause infringement of one or more claims of the '673 patent with knowledge of the '673 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '673 patent. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing hardware and software that when used in their normal and customary way, infringe one or more claims of the '673 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '673 patent.

31. At least since the date of service of this Original Complaint, Defendant commits contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '673 patent by a third party, and which have no substantial non-infringing uses and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

32. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## VI.     INFRINGEMENT OF THE '770 PATENT

33. The preceding paragraphs are incorporated by reference as if fully set forth herein.

34. The elements claimed by the '770 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '770 patent provides a technical solution to technical problems.

35. Defendant has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 1 of the '770 patent by making, using, testing, selling, offering for sale or importing into the United States products and/or services covered by the '770 patent. Defendant's products and/or services that infringe the '770 patent include, but are not limited the Magic Leap 1 and applications, software and services that operate on the Magic Leap 1, and any other of Defendant's products and/or services, either alone or in combination, that operate in substantially the same manner ("the Accused Instrumentalities"). As one non-limiting example, see the exemplary claim chart Exhibit G, which is incorporated herein by reference.

36. Plaintiff contends that Defendant was aware of the '770 patent at least as of the date this lawsuit was filed, and since that time Defendant has been an active inducer of infringement of the '770 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '770 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

37. At least since service of MEC's Original Complaint, Defendant induces infringement of the '770 patent by intending that others use, offer for sale, or sell in the United

States, products and/or services covered by the '770 patent, including but not limited to the Accused Instrumentalities. Defendant provides these products and/or services to others, such as customers, resellers, and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the United States products and/or services that directly infringe one or more claims of the '770 patent such as claim 1.

38.     Defendant contributes to the infringement of the '770 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '770 patent such as claim 1.

39.     Upon information and belief, Defendant has had actual knowledge of the '770 patent since at least as early as the service of this Original Complaint upon Defendant.

40.     At least since the date of service of this Original Complaint, Defendant commits affirmative acts that cause infringement of one or more claims of the '770 patent with knowledge of the '770 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '770 patent. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing software components that when used in their normal and customary way, infringe one or more claims of the '770 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '770 patent.

41.     At least since the date of service of this Original Complaint, Defendant commits contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '770 patent by a third party, and

which have no substantial non-infringing uses and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

42. As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## VII.   INFRINGEMENT OF The '855 patent

43. The preceding paragraphs are incorporated by reference as if fully set forth herein.

44. The elements claimed by the '855 patent, taken alone or in combination, were not well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention. Rather, the '855 patent provides a technical solution to technical problems.

45. Defendant has infringed and continues to infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, at least claim 15 of the '855 patent by making, using, testing, selling, offering for sale, or importing into the United States products and/or services covered by the '855 patent, including but not limited to the Accused Instrumentalities. As one non-limiting example, see the exemplary claim chart Exhibit H, which is incorporated herein by reference.

46. Additionally, Plaintiff contends that Defendant was aware of the '855 Patent at least as of the date of service of this lawsuit, and since that time Defendant has been an active inducer of infringement of the '855 patent under 35 U.S.C. § 271(b) and a contributory infringer of the '855 patent under 35 U.S.C. § 271(c) either literally and/or by the doctrine of equivalents.

47. Defendant induces infringement of the '855 patent by intending that others use, offer for sale, or sell in the United States, products and/or services covered by the '855 patent, including but not limited to the Accused Instrumentalities. Defendant provides these products

and/or services to others, such as customers, resellers, and end-user customers, who, in turn, use, provision for use, offer for sale, or sell in the United States products and/or services that directly infringe one or more claims of the '855 patent.

48.     Defendant contributes to the infringement of the '855 patent by others by knowingly providing products and/or services that when configured result in a system that directly infringes one or more claims of the '855 patent such as claim 15.

49.     Upon information and belief, Defendant has had actual knowledge of the '855 patent since at least as early as the service of this Original Complaint upon Defendant.

50.     Defendant commits affirmative acts that cause infringement of one or more claims of the '855 patent with knowledge of the '855 patent and knowledge or willful blindness that the induced acts constitute infringement of one or more claims of the '855 patent. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing software components that when used in their normal and customary way, infringe one or more claims of the '855 patent and/or by directly or indirectly providing instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the '855 patent.

51.     At least since the date of service of this Original Complaint, Defendant commits contributory infringement by, *inter alia*, knowingly selling products and/or services that when used cause the direct infringement of one or more claims of the '855 patent by a third party, and which have no substantial non-infringing uses and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

52.     As a result of Defendant's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

## VIII. DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all claims so triable under Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

Plaintiffs request that the Court enter judgment against Defendant:

(A) that Defendant has infringed one or more claims of each of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

(B) awarding damages sufficient to compensate Plaintiffs for Defendant's infringement under 35 U.S.C. § 284;

(C) awarding Plaintiffs their costs and expenses incurred in this action;

(D) awarding Plaintiffs prejudgment and post-judgment interest; and

(E) granting Plaintiffs such further relief as the Court deems just and appropriate.

Date: June 16, 2021                                    Respectfully submitted,

*/s/ Derek Gilliland*
**DEREK GILLILAND**
STATE BAR NO. 24007239
**SOREY & GILLILAND, LLP**
133 E. Tyler St.
Longview, Texas 75601
903.230.566 (telephone)
dgilliland@SoreyLaw.com

*ATTORNEYS for PLAINTIFFS*